**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VALERIE TEGU-WATKINS,

Plaintiff,

v. Case No: 8:24-cv-2722-CEH-AAS

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.

---

**ORDER**

This matter comes before the Court upon cross motions for summary judgment. Plaintiff Valerie Tegu-Watkins brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to obtain benefits under an Accidental Death and Dismemberment ("AD&D") policy issued by Defendant Hartford Life and Accident Insurance Company to Plaintiff's decedent husband's former employer (Doc. 1). Plaintiff filed a Motion for Summary Judgment (Doc. 26) contending Defendant's decision to deny AD&D benefits was wrong, unreasonable, and arbitrary and capricious. Defendant filed a Motion for Summary Judgment (Doc. 35) asserting that Plaintiff failed to prove that her decedent husband's death was an accident under the policy, and the record contains substantial evidence to support its decision to deny benefits. Defendant filed the Administrative Record

(Doc. 30), and the matters have been fully briefed.[1] A hearing was held on August 13, 2026. Upon due consideration of the parties' submissions and for the reasons that follow, the Court will grant Defendant's motion and deny Plaintiff's motion.

## I. FACTS[2]

### a. The Plan

Plaintiff, Valerie Tegu-Watkins, is the surviving spouse of the Decedent, Richard P. Watkins. Doc. 43 at 1. Mr. Watkins was employed by Amentum Holdings, LLC as a lead mechanic. *Id.*; Doc. 33 at 1. As a benefit of Mr. Watkins' employment with Amentum, Plaintiff is the beneficiary of Dependent Spousal Coverage under a group policy issued by Defendant Hartford Life and Accident Insurance Company (the "Policy"). Doc. 43 at 2. The Policy provides Accidental Death and Dismemberment ("AD&D") coverage.[3] *Id.*

The AD&D Death Benefits section states: "We will pay the Basic Death Benefit Amount Shown in the Benefit Schedule if a Covered Person dies as the result of one or more Covered Injuries sustained in an Accident." Docs. 1-2 at 27. The policy defines a "covered injury" as "an Injury that is the direct result of an Accident that is not excluded or limited by any other provision of the Policy." *Id.* at 18. "Injury" is defined as "bodily damage or harm that must be independent of Illness or any other

---

[1] *See* Docs. 26, 34, 35, 39, 42, 46.

[2] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including declarations and exhibits, as well as the parties' Stipulation of Agreed Material Facts (Docs. 33, 43).

[3] The Policy is attached to Plaintiff's Complaint as Exhibit A and is included in the Administrative Record at Doc. 30.

cause." *Id.* at 19. Illness is defined as "a physical disease, disorder, illness, or infirmity." *Id.* The Policy provides that Hartford has "full discretion and authority to determine eligibility for benefits and construe and interpret all terms and provisions of the Policy." *Id.* at 37.

**b. Mr. Watkins' Death**

On June 7, 2024, Mr. Watkins was standing[4] in his dining room when he suffered a stroke. Doc. 30-1 at 233. As a result, he fell and struck his head on the floor. *Id.* Ms. Watkins called 911 and the Polk County Fire Rescue Division arrived to take Mr. Watkins to a comprehensive stroke facility. *Id.* Mr. Watkins died on June 10, 2024. Doc. 30-2 at 79.

On June 11, 2024, the Hillsborough County Medical Examiner performed an autopsy on Mr. Watkins. Doc. 30-2 at 78–82 (the "Autopsy Report"). The Autopsy Report lists Mr. Watkins' cause of death as "Skull Fracture with Intracranial Hemorrhage due to Blunt Impact to the Head." *Id.* at 78. The Autopsy Report states that a contributory cause of death was the "Cerebrovascular Accident"[5] and the manner of death was listed as an accident due to a "fall from standing height following acute stroke." *Id.* On June 17, 2024, Mr. Watkins' death certificate was prepared. Doc. 30-1 at 93–94 (the "Death Certificate"). The Death Certificate indicates the cause of death was "Skull Fracture with Intracranial Hemorrhage" and "Blunt Impact to the

[4] Parties dispute whether Mr. Watkins was sitting or standing while he suffered a stroke. *See* Doc. 26 at 2; Doc. 34 at 1. Regardless, this is not a material fact.
[5] A "Cerebrovascular Accident" is also referred to as a stroke. *Stroke, MedlinePlus* (July 28, 2025), https://medlineplus.gov/stroke.html.

Head." Doc. 30-1 at 94. The Death Certificate lists "Cerebrovascular Accident" as "other significant condition contributing to death but not resulting in the underlying cause" and the manner of death as an accident. *Id.*

**c. Administrative History**

On August 29, 2024, Ms. Watkins submitted a claim for the Basic Death Benefit under the AD&D Policy. Doc. 30-1 at 262. On September 13, 2024, Hartford, the Policy's administrator, denied her claim for AD&D benefits and determined that Richard Watkins was not covered under the Policy. *Id.* Specifically, Hartford determined that Richard Watkins did not suffer an Injury as defined by the Policy because his death was not independent of an illness. *Id.* at 264. Hartford made this decision based on all documents in the claim file and specifically cited the Death Certificate, Autopsy Report, Claimant's Statement of Accidental Death, and Polk County Fire Rescue Division Incident Report. *Id.* at 263. Hartford stated in its denial letter:

> Richard Watkins' death was the result of a Skull Fracture with Intracranial Hemorrhage due to Blunt Impact to the Head. According to the Policy we will pay a benefit when a Covered Person dies as the result of one or more Covered Injuries sustained in an Accident. Furthermore, any Injury that is not independent of an Illness is not considered as resulting from an Injury as defined in the policy. Because Mr. Watkins' death was determined to be due to a Skull Fracture with Intracranial Hemorrhage due to Blunt Impact to the Head, with a contributory cause of death being a Cerebrovascular Accident, his Injury was not independent of an Illness. Therefore, his death does not constitute a covered Injury under the terms of the policy.

Doc. 30-1 at 264.

On October 24, 2024, Ms. Watkins submitted an administrative appeal. Doc. 30-1 at 338. She also submitted Mr. Watkins' medical records from BayCare Health System and Workcare to demonstrate that he was not diagnosed with conditions related to strokes. *Id.* at 479–80. On October 30, 2024, Hartford upheld the denial of the AD&D benefits. *Id.* at 338–343. Hartford considered the information in the claim file and the following new information: Plaintiff's appeal letter, documents submitted with her appeal, and Mr. Watkins' medical information. *Id.* at 338.

In its letter upholding the denial of Ms. Watkins' claim, Hartford provides that the information on file such as the Death Certificate and Autopsy Report support its decision. *Id.* at 341. Hartford states, "While the information documents that Mr. Watkins fell, it is further reported that his fall from standing height followed an acute stroke, and therefore, his death was not the result of an Injury independent of illness." *Id.* at 342.

On November 21, 2024, Ms. Watkins filed a two-count Complaint. (Doc. 1). Count I asserts a claim to recover AD&D benefits pursuant to § 502(a)(1)(B) of ERISA. *Id.* ¶¶ 20–21. Count II asserts a claim for breach of fiduciary duty under ERISA § 502(a)(3). *Id.* ¶¶ 22–24. Ms. Watkins and Hartford move for summary judgment. *See* Docs. 26; 35.

## II. STANDARD OF REVIEW

Generally, summary judgment[6] is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. And the standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of

[6] Although this case comes before the Court on cross motions for summary judgment, the summary judgment standard set forth in Fed. R. Civ. P. 56 is incongruent with the ERISA standard of review. *Compare* Fed. R. Civ. P. 56(c), *with Williams v. BellSouth Telecomms., Inc.,* 373 F.3d 1132, 1138 (11th Cir. 2004), *overruled on other grounds by Doyle v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1352 (11th Cir. 2008). The Eleventh Circuit charges the district court with determining *de novo* whether the administrator's decision was wrong, *Williams,* 373 F.3d at 1138, rather, than whether there are questions of material fact that require trial and whether the parties are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). There may indeed be unresolved factual issues evident in the administrative record, but unless the administrator's decision was wrong, these issues will not preclude summary judgment as they normally would. *See Crume v. Metro. Life Ins. Co.,* 417 F. Supp. 2d 1258, 1272–73 (M.D. Fla. 2006) (conducting an in-depth discussion of interplay between ERISA and summary/cross summary judgment standards as applied by courts in the Middle District of Florida and elsewhere).

the parties deserves judgment as a matter of law on the facts that are not disputed. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005).

In this ERISA case, the Court sits more like an appellate judge, than a trial judge. Indeed, the Eleventh Circuit has instructed that, "review of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision." *Blankenship v. Metro. Life Ins. Co.,* 644 F.3d 1350, 1355 (11th Cir. 2011) (citation omitted). ERISA itself provides no standard for courts reviewing the benefits decisions of plan administrators or fiduciaries. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 (1989). Thus, based on the Supreme Court's guidance in *Firestone* and *Metropolitan Life Insurance Co. v. Glenn,* 554 U.S. 105 (2008), the Eleventh Circuit has established a multi-step framework to guide courts in reviewing an ERISA plan administrator's benefits decisions. *Blankenship,* 644 F.3d at 1355. Under this six-step rubric, a district court must:

(1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "*de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.[7]

*Id.* (citing *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010)).

## III. DISCUSSION

### a. Count I: AD&D Benefits under ERISA

In her Motion for Summary Judgment, Plaintiff argues that the denial of her AD&D claim was wrong under *de novo* review because Hartford failed to apply the test from *Dixon v. Life Ins. Co. Of N. Am.*, 389 F.3d 1179 (11th Cir. 2004). Doc. 26 at 9.

[7] In ERISA cases, the phrases "arbitrary and capricious" and "abuse of discretion" are used interchangeably. *See Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989).

Hartford responds that its decision was correct because whether Mr. Watkins had a pre-existing condition is irrelevant to the analysis of whether his death was covered under the Policy. Doc. 34 at 5. Hartford argues that the proper question is whether Mr. Watkins' death is a covered injury and independent of illness. *Id.* at 7.

In *Dixon*, the insured died in a single car accident after having a heart attack. The ERISA policy at issue covered accidents "which, directly and from no other causes, result in a covered loss." *Dixon,* 389 F.3d at 1180. The policy further stated that benefits would not be paid "if the loss was caused by: (i) sickness, disease, or bodily infirmity; …" *Id.* The defendant denied the claim and found that the decedent died of a heart attack and that heart disease at least contributed to the death. *Id*. at 1181–82. The district court affirmed the denial and the Eleventh Circuit affirmed summary judgment for the defendant. The Eleventh Circuit considered "whether, and to what extent, language in an ERISA policy may preclude recovery for accidental injury where some preexisting condition was a contributing factor." *Id.* at 1183. In so doing, it adopted the Fourth Circuit's test in *Adkins v. Reliance Standard Life Insurance Co.,* 917 F.2d 794 (4h Cir. 1990) that "a preexisting infirmity or disease is not to be considered a cause unless it substantially contributed to the disability or loss" (the "substantially contributed" test). *Id.* at 1184. The Eleventh Circuit concluded that, on the record before the court, the decedent's "pre-existing heart condition "substantially contributed" to his death, regardless of whether the auto accident was the immediate cause in that it triggered" the heart attack. *Id*. at 1184–

85. As a result, the Decedent's death did not result directly from an accident and from no other causes as required by the policy.

The instant case differs from *Dixon* in that, here, the issue is not whether the Decedent had a pre-existing condition.[8] Rather, the issue is whether Decedent's stroke substantially contributed to his death. Decedent's AD&D policy requires that a covered injury and resulting death be independent of illness or any other causes. The medical records and Death Certificate show that decedent suffered an acute stroke and that he immediately fell after the stroke. The Autopsy Report also confirms a Final Diagnosis of Cerebrovascular Accident, which was a contributory cause of death. And the medical examiner indicates that Decedent fell from standing height following an acute stroke. During the administrative review process, Plaintiff did not provide any evidence to show that Decedent's death was independent of the stroke. There was no evidence to dispute that the Decedent had an acute stroke, that the stroke caused the fall, or to establish that the stroke did not cause or substantially contribute to the death.

Plaintiff cites multiple cases applying the substantially contributed test, but in those cases, the decedent had a known preexisting condition, predisposition, or susceptibility. *See Dixon v. Life Ins. Co. Of N. Am.*, 389 F.3d at 1183 (atherosclerotic

---

[8] Plaintiff bears the burden of proving entitlement to contractual benefits. *Horton v. Reliance Standard Life Ins. Co.,* 141 F.3d 1038, 1040 (11th Cir. 1998). The insurer bears the burden of proof if a policy exclusion is the basis for the denial of a claim. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997). Plaintiff's claim was not denied based on a policy exclusion.

and hypertensive heart disease); *Adkins v. Reliance Standard Life Insurance Co.*, 917 F.2d 794, 795 (4th Cir. 1990) (spinal fusion); *McClure v. Life Insurance Co. of North America*, 84 F. 3d 1129, 1132 (9th Cir. 1996) (disc abnormalities). Here, there is no pre-existing condition, pre-disposition, or susceptibility at issue. Mr. Watkins had no documented preexisting condition that led to the stroke. And Hartford did not investigate Mr. Watkins for a pre-existing condition or base its denial on any preexisting condition.

Plaintiff insists that the substantially contributed test should apply here because it was applied in *Bradshaw v. Reliance Standard Life Ins. Co.*, 707 F. App'x 599 (11th Cir. 2017). Doc. 26 at 10–11. In *Bradshaw*, the plaintiff had a healthy pregnancy and no other pre-existing medical conditions when she received a disability-insurance policy from the defendant. *Id.* at 600. Nine days after giving birth, the plaintiff suffered a stroke. *Id.* After suffering the stroke, plaintiff filed a claim for long-term disability benefits with the defendant, which was denied because the defendant asserted that her pregnancy qualified as a pre-existing condition that "contributed to" her stroke. *Id.* The Court reversed the benefit-denial and held that the defendant should have applied the substantially contributed test from *Dixon*. *Id.* at 607.

The issue in *Bradshaw* is materially different from the issue in this case. The "sole issue" considered in *Bradshaw* was whether the administrator was "reasonable in its interpretation and application of the pre-existing condition exclusion." *Id.* at 606. Here, the Policy does not contain a pre-existing condition exclusion for AD&D benefits and Hartford did not deny benefits because of any pre-existing condition.

Plaintiff also suggests that the Policy's "independent of illness" provision does not apply to basic death benefit claims. Doc. 26 at 13. Plaintiff argues that the "independent of illness" provision is only contained in the Policy's definition of Injury. *Id.* at 14. Plaintiff, thus, argues that the Policy does not define death or expressly require that a death claim be independent of illness. *Id.*

Plaintiff's argument is unpersuasive. A "court construing an insurance policy should interpret the policy as a whole" and "give every provision its full meaning and operative effect." *Amerisure Mut. Ins. Co. v. Auchter Co.*, 673 F.3d 1294, 1301 (11th Cir. 2012) (interpreting policy under Florida law); *see also Gates, Hudson & Assocs., Inc. v. Fed. Ins. Co.*, 141 F.3d 500, 502 (4th Cir. 1997) (Under Virginia law,[9] "a court must read the terms of the policy as part of the document as a whole, not in isolation." (citation modified)); *Candeub v. Blue Cross Blue Shield of Michigan*, 577 F. Supp. 2d 918, 929 (W.D. Mich. 2006) ("ERISA plans, like any other contract, must be construed as a whole."). The benefits section of the Policy states, "We will pay the Basic Death Benefit Amount shown in the Benefit Schedule if a Covered Person dies as the result of one or more Covered Injuries sustained in an Accident." Doc. 1-2 at 27. The definitions section of the Policy defines an Injury as "bodily damage or harm that must be independent of Illness or any other cause." These two provisions should be

---

[9] The Policy contains a Virginia choice of law provision. Doc. 1-2 at 10. Neither party argues that the choice-of-law provision should be enforced, therefore, they have forfeited that issue. *See Goldfarb v. Reliance Standard Life Ins. Co.*, 106 F.4th 1100, 1108 (11th Cir. 2024). Regardless, the Court's substantive analysis, here, remains informed by Virginia law.

read conjunctively. When read together, a Basic Death Benefit claim requires that a person die as a result of bodily damage or harm that is independent of illness.

Next, Plaintiff argues that Hartford's decision is *de novo* wrong because it failed to substantiate its denial with evidence of a preexisting condition that substantially contributed to the Decedent's death. Doc. 26 at 11. Plaintiff contends that Hartford must substantiate a claim denial with evidence showing a pre-existing condition substantially contributed to death. *Id.* Plaintiff argues that she submitted evidence to Hartford showing that the Decedent had no pre-existing condition that would have caused or contributed to a stroke *Id.*

Hartford responds that Plaintiff has the burden of proving her entitlement to contractual benefits. Doc. 34 at 4. Hartford further argues that Plaintiff failed to provide evidence thar Mr. Watkins' death was independent of his stroke. *Id.* at 8.

A plaintiff "bears the burden of proving [her] entitlement to contractual benefits." *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998). "But, if the insurer claims that a specific policy exclusion applies to deny the insured benefits, the insurer generally must prove the exclusion prevents coverage." *Id.* A plaintiff must prove that the Decedent's "death was an accident to prove their entitlement to the AD&D benefit presumption." *Goldfarb v. Reliance Standard Life Ins. Co.*, 106 F.4th 1100, 1110 (11th Cir. 2024).

Upon *de novo* review, Plaintiff has not met her burden of proving that she is entitled to AD&D benefits. Under the Policy, Plaintiff must show that the Decedent's injury was the "direct result" of an accident. Injury is further defined as harm that

must be "independent of Illness."[10] Plaintiff has not established that Mr. Watkins' death was the direct result of an accident or independent of illness. The best evidence Plaintiff submitted in support of her entitlement to benefits was the Death Certificate and Autopsy Report. The Death Certificate states that the cause of death was the hemorrhage, and the stroke was a "significant condition contributing to death but not resulting in the underlying cause." The Autopsy Report states that the cause of death was the hemorrhage, and the stroke was a contributory cause of death. The Death Certificate and Autopsy Report alone do not satisfy Plaintiff's burden. These documents do not answer the question of whether Mr. Watkins' death was a direct result of an accident ***and independent of illness.*** In fact, the Autopsy Report proposes that Mr. Watkins' stroke played a contributory role in his death.

Therefore, Hartford's denial of Plaintiff's AD&D claim was not wrong under *de novo* review. The denial of AD&D benefits is affirmed. Because the Court has affirmed the denial of benefits under *de novo* review, no further analysis is needed. Hartford is entitled to summary judgment as to Count I.

**b. Count II: Breach of Fiduciary Duty under ERISA**

Last, Hartford moves for summary judgment on Plaintiff's breach of fiduciary duty claim under ERISA. Doc. 35 at 22. It argues that Plaintiff has abandoned this claim because her Motion for Summary Judgment does not address it. *Id.* at 22 n.11.

[10] The definition of Injury is not under the exclusions section of the Policy. Therefore, the definition of Injury is not an exclusion, and Ms. Watkins has the burden of proving that Mr. Watkins' death was independent of illness under the Policy. *See Cady v. Hartford Life & Accidental Ins. Co.*, 930 F. Supp. 2d 1216, 1232–33 (D. Idaho 2013).

Plaintiff has abandoned her breach of fiduciary duty claim. *See e.g.*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (affirming that a party's claim is abandoned where included in the complaint but not raised until a party's reply to a response to a motion for summary judgment); *Davis v. Legal Servs. Alabama, Inc.*, 472 F. Supp. 3d 1123, 1132 (M.D. Ala. 2020), *aff'd*, 19 F.4th 1261 (11th Cir. 2021). Here, Plaintiff did not raise the breach of fiduciary duty claim in her Motion for Summary Judgment, response to Hartford's Motion for Summary Judgment, or reply. Hartford is entitled to summary judgment on Count II, as Plaintiff has abandoned this claim.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff Valerie Tegu-Watkins's Motion for Summary Judgment (Doc. 26) is **DENIED**.
2. Defendant Hartford Life and Accident Insurance Company's Motion for Summary Judgment (Doc. 35) is **GRANTED**.
3. The Clerk is directed to enter Judgment in favor of the Defendant, Hartford Life and Accident Insurance Company, and against the Plaintiff, Valerie Tegu Watkins.
4. The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on September 25, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any